UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DONALD R. KNIGHT, JR. ]
    Petitioner, ]
     ]
v. ]    No. 3:11-0649
     ]    Judge Sharp
STATE OF TENNESSEE ]
    Respondent. ]

**M E M O R A N D U M**

    The petitioner, proceeding *pro se*, is an inmate at the Deberry Special Needs Facility in Nashville. He brings this action pursuant to 28 U.S.C. § 2254 against the State of Tennessee, seeking a writ of habeas corpus.

    In May, 2007, a jury in Rutherford County found the petitioner guilty of voluntary manslaughter and aggravated child abuse. For these crimes, he received an aggregate sentence of twenty (20) years in prison. Docket Entry No.1 at pgs.1-2.

    On direct appeal, the Tennessee Court of Criminal Appeals affirmed the convictions. Docket Entry No.13-1. The Tennessee Supreme Court later denied the petitioner's application for further review. Docket Entry No.13-2.

    On June 15, 2011, the petitioner filed the instant petition

1

(Docket Entry No.1) for federal habeas corpus relief.[1] In the petition, the petitioner alleges numerous claims for relief. Upon its receipt, the Court reviewed the petition and determined that it contained at least one colorable claim for relief. Accordingly, an order (Docket Entry No.7) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - § 2254 Cases.

Presently pending before the Court is the respondent's Motion to Dismiss (Docket Entry No.12), to which the petitioner has offered no Reply.

Having carefully considered the respondent's motion along with the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8, Rules - - § 2254 Cases.

The respondent argues that the petition should be dismissed as untimely. On April 24, 1996, the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996), was signed

---

[1] A pleading from a prisoner is considered filed on the date that it is given to prison officials for posting. Houston v. Lack, 487 U.S. 266 (1988). The petition was received in the Clerk's Office and stamped as filed on June 17, 2011. However, the petitioner signed and dated the petition on June 15, 2011. Therefore, the earlier date is deemed to be the date that the petition initiating this action was filed.

2

into law. This legislation made various changes to 28 U.S.C. § 2254 and other federal habeas corpus statutes. Among those changes was the addition of a one year period of limitation placed on the filing of § 2254 petitions. Thus, a prisoner in custody pursuant to the judgment of a state court has one year from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" in which to file his petition for federal habeas corpus relief. 28 U.S.C. § 2244(d)(1)(A).[2] The time for seeking direct review has been held to include the ninety (90) day period during which a criminal defendant can petition the United States Supreme Court for a writ of certiorari. Isham v. Randle, 226 F.3d 691, 695 (6th Cir. 2000).

The petitioner was found guilty on May 4, 2007. The direct review of his convictions by the state courts was concluded on January 25, 2010, the date the Tennessee Supreme Court denied petitioner's application for discretionary review. Docket Entry No.13-2. The petitioner did not seek further relief from the United States Supreme Court. Therefore, petitioner's convictions became final ninety (90) days later, or on April 25, 2010.[3]

---

[2] 28 U.S.C. § 2244(d) provides that the limitation period begins to run from the latest of four dates, one of which is the date the judgment became final. The other three potential dates do not apply in this case.

[3] The ninety days are calculated as follows : 6 days (1/26/10-1/31/10) + 28 days (2/11) + 31 days (3/11) + 25 days (4/1/10-4/25/10) = 90 days.

3

The one year limitation period began to run from that date and elapsed on April 25, 2011. As noted above, the petitioner filed his federal habeas corpus petition on June 15, 2011, well beyond the expiration of the limitation period. Thus, this action was not filed in a timely manner.

The period of limitation, however, does not act as a jurisdictional bar. Accordingly, the one year limitation period is subject to equitable tolling in appropriate circumstances. <u>Griffin v. Rogers</u>, 399 F.3d 626, 631 (6th Cir.2005). The doctrine of equitable tolling, however, should be applied sparingly. <u>Dunlap v. United States</u>, 250 F.3d 1001, 1008 (6th Cir.2001).

The petitioner bears the burden of showing that he is entitled to an equitable tolling of the limitation period. <u>Keenan v. Bagley</u>, 400 F.3d 417, 420 (6th Cir.2005). In this regard, the petitioner has acknowledged that the one year limitation period had expired prior to the filing of his petition. He states, though, that "I didn't know I could file this paperwork until about a month ago." Docket Entry No.1 at pg.3.

Ignorance of the law alone is not sufficient to warrant equitable tolling of the limitation period. <u>Allen v. Yukins</u>, 366 F.3d 396,403 (6th Cir.2004). Moreover, the petitioner has failed to show that some external force or influence had prevented him from filing his petition within the limitation period. Consequently, the Court finds that the limitation period was not equitably tolled so

4

as to allow the untimely filing of this action.

In the absence of a timely claim, the respondent's Motion to Dismiss has merit. Accordingly, respondent's motion will be granted and this action shall be dismissed. Rule 8(a), Rules - - § 2254 Cases.

An appropriate order will be entered.

_____
Kevin H. Sharp
United States District Judge